# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40084
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTURO CHAVEZ-HERNANDEZ, also known as Alberto Arturo Gonzalez-Hernandez, true name Juan Zamora-Murillo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-421-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.
PER CURIAM:[*]

The Federal Public Defender appointed to represent Arturo Chavez-Hernandez has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Chavez-Hernandez has filed a response.[1] The record

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Chavez-Hernandez urges that *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir.), *reh'g en banc granted*, 815 F.3d 189 (5th Cir.), *vacated*, No. 15-50051 (5th Cir. Aug. 5, 2016)(en banc) apply to his case.

No. 16-40084

is not sufficiently developed to allow us to make a fair evaluation of Chavez-Hernandez's claim of ineffective assistance of counsel; we therefore decline to consider the claim without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Chavez-Hernandez's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

---

However, Chavez-Hernandez was not sentenced under the Armed Career Criminal Act; nor was he sentenced under a "residual" definition of crime of violence.