# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40072
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUDY MARTINEZ-CASTILLO, also known as Maurio Gonzales, also known as Alfredo Noges-Saucedo, also known as Redolfo Martinez-Castillo, also known as Alfredo Martinez-Savavedra,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-204-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Rudy Martinez-Castillo appeals the sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the district court committed reversible plain error by classifying his 1989 Texas conviction for burglary of a vehicle as an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C) and § 1326(b)(2).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40072

He argues that Texas burglary of a vehicle does not qualify as an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(G) because it is not a generic burglary offense as defined in *Taylor v. United States*, 495 U.S. 575, 598 (1990).  He also argues that Texas burglary of a vehicle does not qualify as an aggravated felony pursuant to § 1101(a)(43)(F) because, under the reasoning in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the crime of violence definition in 18 U.S.C. § 16(b) is unconstitutionally vague on its face.

The Government has filed an unopposed motion for summary affirmance asserting that Martinez-Castillo's arguments are foreclosed by our recent decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259).   In the alternative, the Government requests an extension of time in which to file a brief on the merits.

The Government is correct that *Gonzalez-Longoria* forecloses Martinez-Castillo's facial vagueness challenge to § 16(b).[1]  *See id.* at 677.  Thus, we need not determine whether his Texas burglary of a vehicle conviction, or any other prior conviction, qualifies as an aggravated felony under other provisions of § 1101(a)(43).  Accordingly, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.

---

[1] The Supreme Court's recent grant of certiorari on the issue whether § 16(b) is unconstitutional in light of *Johnson* in *Lynch v. Dimaya*, ___ S. Ct. ___, 2016 WL 3232911 (Sept. 29, 2016) (No. 15-1498), does not alter our analysis.  We are bound by our own precedent unless and until that precedent is altered by a decision of the Supreme Court.  *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).