# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41370
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUDITH VALMORE GUERRERO-ARANIVA, also known as Rudith Valmore
Araniva-Guerrero,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-536-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Following the entry of his guilty plea conviction of illegal reentry, Rudith
Valmore Guerrero-Araniva was sentenced to 32 months of imprisonment,
based in part on an eight-level enhancement pursuant to U.S.S.G.
§ 2L1.2(b)(1)(C) for his prior conviction of the Texas offense of injury to a child
under TEX. PENAL CODE § 22.04. Guerrero-Araniva argues for the first time

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-41370

on appeal that the district court plainly erred by characterizing his 1991 Texas conviction for injury to a child as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) for purposes of applying the § 2L1.2(b)(1)(C) sentencing enhancement and for convicting and sentencing him under 8 U.S.C. § 1326(b)(2).  Relying primarily on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Guerrero-Araniva argues that the definition of a crime of violence in 8 U.S.C. § 16(b), which is incorporated by reference into § 1101(a)(43)(F)'s definition of an aggravated felony, is unconstitutionally vague on its face.  He further contends that this court cannot apply § 16(b) in this case without violating due process.

The Government has filed an unopposed motion for summary affirmance, urging that Guerrero-Araniva's arguments are foreclosed by our recent decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *pet. for cert. filed* (Sept. 29, 2016) (No. 16-6259).  The Government is correct that *Gonzalez-Longoria* forecloses Guerrero-Araniva's facial vagueness challenge to § 16(b), as well as his challenge to our application of § 16(b) on due process grounds.[1]  *See id.*  Accordingly, the motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED.  The Government's alternate motion for an extension of time to file a brief is DENIED.

---

[1] The recent grant of certiorari by the United States Supreme Court on the issue whether § 16(b) is unconstitutional in light of *Johnson* in *Lynch v. Dimaya*, ___ S. Ct. ___, No. 15-1498, 2016 WL 3232911 (Sept. 29, 2016), does not alter our analysis.  This court is bound by its own precedent unless and until that precedent is altered by a decision of the Supreme Court.  *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).