# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40761
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ALBERTO PEREZ-DE LEON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-913-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Following the entry of his guilty plea conviction of illegal reentry, Carlos Alberto Perez-De Leon was sentenced to 66 months of imprisonment, based in part on a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) for his prior conviction of the Texas offense of aggravated assault with a deadly weapon under TEX. PENAL CODE § 22.02. Perez-De Leon argues for the first time on appeal that the district court plainly erred by characterizing his 2004

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40761

conviction for the Texas offense of aggravated assault with a deadly weapon as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) for the purposes of convicting and sentencing him under 8 U.S.C. § 1326(b)(2). Relying primarily on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Perez-De Leon argues that the definition of a crime of violence in 18 U.S.C. § 16(b), which is incorporated by reference into § 1101(a)(43)(F)'s definition of an aggravated felony, is unconstitutionally vague on its face. He further contends that this court cannot apply § 16(b) in this case without violating due process.

The Government has filed an unopposed motion for summary affirmance, urging that Perez-De Leon's arguments are foreclosed by our recent decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). The Government is correct that *Gonzalez-Longoria* forecloses Perez-De Leon's facial vagueness challenge to § 16(b) as well as his challenge to our application of § 16(b) on due process grounds.[1] *See id.* Accordingly, the motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternate motion for an extension of time to file a brief is DENIED.

---

[1] The recent grant of certiorari by the United States Supreme Court on the issue whether § 16(b) is unconstitutional in light of *Johnson* in *Lynch v. Dimaya*, ___ S. Ct. ___, 2016 WL 3232911 (Sept. 29, 2016) (No. 15-1498), does not alter our analysis. This court is bound by its own precedent unless and until that precedent is altered by a decision of the Supreme Court. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).