# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41687
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUGARDO VAZQUEZ-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-507-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Lugardo Vazquez-Hernandez pleaded guilty to illegal reentry and was sentenced to 18 months of imprisonment. His sentence was based in part on an eight-level enhancement for an aggravated felony pursuant to U.S.S.G. § 2L1.2(b)(1)(C). The enhancement was imposed because Vazquez-Hernandez was convicted in Texas, prior to his removal, of assault of a public servant. Vazquez-Hernandez argues that the district court erred by characterizing the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41687

Texas offense of assault of a public servant as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) for the purposes of convicting and sentencing him under 8 U.S.C. § 1326(b)(2). Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Vazquez-Hernandez argues that the definition of a crime of violence in 18 U.S.C. § 16(b), which is incorporated by reference into § 1101(a)(43)(F)'s definition of an aggravated felony, is unconstitutionally vague on its face.

The Government has filed an unopposed motion for summary affirmance, urging that Vazquez-Hernandez's arguments are foreclosed by our recent decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). The Government is correct.[1]   *See id.*   Accordingly, the motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.

---

[1] The recent grant of certiorari by the United States Supreme Court on the issue whether § 16(b) is unconstitutional in light of *Johnson* in *Lynch v. Dimaya*, ___ S. Ct. ___, 2016 WL 3232911 (Sept. 29, 2016) (No. 15-1498), does not alter our analysis. This court is bound by its own precedent unless and until that precedent is altered by a decision of the Supreme Court. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).