# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41017
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS MORALES-SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-912-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jesus Morales-Sanchez pleaded guilty to a charge of illegal reentry and was sentenced to 41 months of imprisonment. His sentence was based in part on a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) for an aggravated felony conviction: a Texas conviction of aggravated assault. Morales-Sanchez argues that the district court plainly erred by characterizing the Texas aggravated assault offense as an aggravated felony under 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41017

§ 1101(a)(43)(F) and as a crime of violence under 18 U.S.C. § 16(b) for the purposes of convicting and sentencing him under 8 U.S.C. § 1326(b)(2). Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Morales-Sanchez argues that the definition of a crime of violence in § 16(b), which is incorporated by reference into § 1101(a)(43)(F)'s definition of an aggravated felony, is unconstitutionally vague on its face. He further contends that this court cannot apply § 16(b) in this case without violating due process.

The Government has filed an unopposed motion for summary affirmance, urging that Morales-Sanchez's arguments are foreclosed by our recent decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). The Government is correct.[1] *See id.* Accordingly, the motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.

---

[1] The recent grant of certiorari by the United States Supreme Court on the issue whether § 16(b) is unconstitutional in light of *Johnson* in *Lynch v. Dimaya*, ___ S. Ct. ___, 2016 WL 3232911 (Sept. 29, 2016) (No. 15-1498), does not alter our analysis. This court is bound by its own precedent unless and until that precedent is altered by a decision of the Supreme Court. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).