STEPHEN A. HIGGINSON, Circuit Judge,
joined by DAVIS, JONES, SMITH, CLEMENT, PRADO, OWEN, ELROD, SOUTHWICK, HAYNES, and COSTA, Circuit Judges:
This case presents the question whether the “crime of violence” definition provided by 18 U.S.C. § 16(b), when incorporated by reference into United States Sentencing Guidelines § 2L1.2(b)(1)(C), is unconstitutionally vague on its face in light of Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), in which the Court struck as unconstitutionally vague the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). We hold that 18 U.S.C. § 16(b) is not unconstitutionally vague.
I.
In January 2008, Dallas police responded to a disturbance in the street between Gonzalez-Longoria and his common-law wife, Debra Armstrong. According to Arm *673 strong, the two had been fighting about money when Gonzalez-Longoria became upset, grabbed her by the collar, pushed her to the ground, and then, while she was on the ground, kicked her several times in the leg. For this incident, Gonzalez-Longoria was convicted of the misdemeanor offense Assault-Family Violence, in violation of Tex. Penal Code § 22.01(a)(1).
Three months later, in April 2008, Gonzalez-Longoria fought with Armstrong again, this time as she tried to board a bus. According to Armstrong, Gonzalez-Longoria struck Armstrong on the face, and she fell to the ground. For this incident, Gonzalez-Longoria was convicted of the felony offense Assault Causing Bodily Injury with a Prior Conviction of Family Violence, in violation of Tex. Penal Code § 22.01(b)(2). Thereafter, Gonzalez-Longo-ria, a Mexican citizen, was deported to Mexico.
Six years later, in June 2014, police officers in Combes, Texas, encountered Gonzalez-Longoria walking along the highway. He admitted that he was present in the United States illegally, and the officers arrested him. Thereafter, he pled guilty to being unlawfully present in the United States, in violation of 8 U.S.C. § 1326. During sentencing, the district court applied an eight-level sentencing enhancement on the ground that his prior Texas conviction for Assault Causing Bodily Injury with a Prior Conviction of Family Violence was a “crime of violence” and thus constituted an “aggravated felony” under United States Sentencing Guidelines § 2L1.2(b)(1)(C). That guidelines provision counts as aggravated felonies crimes that meet the “crime of violence” definition provided by 18 U.S.C. § 16(b). See U.S.S.G. § 2L1.2, cmt. n.3(A). At sentencing, Gonzalez-Longoria objected to the enhancement, arguing that 18 U.S.C. § 16(b) was unconstitutionally vague. The district court overruled that objection, and his others, and sentenced him to twenty-seven months’ imprisonment and three years’ supervised release. Gonzalez-Longoria appealed.
While his appeal was pending, the' Supreme Court issued Johnson, in which it held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. In supplemental briefing, Gonzalez-Longoria argued that the similarities between the Armed Career Criminal Act’s residual clause and the “crime of violence” definition provided by 18 U.S.C. § 16(b) mean that § 16(b) must likewise be struck as unconstitutionally vague. The panel agreed, and issued an opinion vacating Gonzalez-Longoria’s sentence on the ground that 18 U.S.C. § 16(b), which formed the basis of his eight-level aggravated-felony sentencing enhancement, is unconstitutionally vague in light of Johnson,[1] United States v. Gon *674 zalez-Longoria, 813 F.3d 225 (5th Cir. 2016). The government petitioned for rehearing en banc, and we granted the petition.[2] United States v. Gonzalez-Longoria, 815 F.3d 189 (5th Cir. 2016).
II.
We review de novo a district court’s application of the Sentencing Guidelines. United States v. Coleman, 609 F.3d 699, 708 (5th Cir. 2010). Whether a statute is unconstitutionally vague is a question of law, which we likewise review de novo. Id. at 706.
III.
A.
Gonzalez-Longoria challenges the sentencing enhancement that he received under section 2L1.2(b)(1)(C) of the Sentencing Guidelines, which provides for an eight-level enhancement to a defendant’s base offense level if the defendant was deported following a conviction for an “aggravated felony.” The application note to that section of the guidelines provides that “aggravated felony” has “the meaning given that term in 8 U.S.C. 1101(a)(43).” U.S.S.G. § 2L1.2, cmt. n.3(A). That statutory provision, in turn, defines aggravated felonies to include, among other things, “crime[s] of violence ... as defined in section 16 of Title 18 ... for which the term of imprisonment [is] at least one year.” 8 U.S.C. 1101(a)(43)(F). As defined by 18 U.S.C. § 16(b), a “crime of violence” includes any offense “that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.” It is this definition that Gonzalez-Longoria argues is unconstitutionally vague.
B.
The Fifth Amendment’s Due Process Clause protects against criminal convictions based on impermissibly vague statutes. “[T]he Government violates this guarantee by taking away someone’s life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.” Johnson, 135 S.Ct. at 2556. “These principles apply not only to statutes defining elements of crimes, but also to statutes fixing sentences.”[3] Id. at *675 2557. When a provision is so vague that it specifies “no standard of conduct ... at all,” then the provision “simply has no core,” Smith v. Goguen, 415 U.S. 566, 578, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974) (quoting Coates v. City of Cincinnati, 402 U.S. 611, 614, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971)), and will be vague as applied to anyone — that is, it will be facially vague.
In Johnson, the Supreme Court faced a vagueness challenge to the Armed Career Criminal Act’s definition of violent felonies. 135 S.Ct. at 2556. The Act includes a statutory sentencing enhancement for violators with three or more earlier convictions for a “violent felony.” The Act defines violent felonies to include, among other things, “burglary, arson, or extortion, [offenses] involving] use of explosives, or [offenses] otherwise involving] conduct that presents a serious potential risk of physical injury to another.” 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The italicized portion is known as the “residual clause.” Johnson, 135 S.Ct. at 2556.
In Johnson, the Court highlighted two features of the Act’s residual clause that together make the clause unconstitutionally vague. Id. at 2557. First, the Court observed that “the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime” under the categorical approach required by Taylor v. United States, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).[4] Id. Second, the Court noted that the Act’s “imprecise ‘serious potential risk’ standard” was difficult to apply. Id. at 2558.
Gonzalez-Longoria argues that the same two problems infect 18 U.S.C. § 16(b), because it too must be interpreted under the categorical approach, see Perez-Munoz v. Keisler, 507 F.3d 357, 361 (5th Cir. 2007), and it too contains an imprecise risk standard. These defects, he contends, make 18 U.S.C. § 16(b) unconstitutionally vague on its face. While Gonzalez-Longoria is correct that 18 U.S.C. § 16(b) shares these two features with the Armed Career Criminal Act’s residual clause, neither feature causes the same level of indeterminacy in the context of 18 U.S.C. § 16(b).
The Court’s first concern in Johnson, about the “grave uncertainty about how to estimate the risk posed by a crime,” can be read broadly, as a rejection of the categorical approach whenever it is combined with *676 any degree of risk assessment, or narrowly, as a long-considered ill-ease and eventual repudiation of the categorical approach in the specific context of the Armed Career Criminal Act’s residual clause.[5] The narrower reading is more sound. Although both the Act’s residual clause and 18 U.S.C. § 16(b) similarly require a risk assessment under the categorical approach, the inquiry that a court must conduct under 18 U.S.C. § 16(b) is notably more narrow. The Act’s residual clause requires courts, in imagining the ordinary case, to decide whether the ordinary case would present a “serious potential risk of physical injury.” 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). In contrast, 18 U.S.C. § 16(b) requires courts to decide whether the ordinary case “involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.” 18 U.S.C. § 16(b) (emphasis added). Risk of physical force is more definite than risk of physical injury; further, by requiring that the risk of physical force arise “in the course of committing” the offense, 18 U.S.C. § 16(b) does not allow courts to consider conduct or events occurring after the crime is complete.
As the Johnson majority observed, the focus on potential injury in the Armed Career Criminal Act’s residual clause requires courts to “imagine how the idealized ordinary case of the crime subsequently plays out.” Johnson, 135 S.Ct. at 2557-58. This exercise requires courts to guess at the potential risk of possibly future injury. See Johnson, 135 S.Ct. at 2559 (“When deciding whether unlawful possession of a short-barreled shotgun is a violent felony, do we confine our attention to the risk that the shotgun will go off by accident while in someone’s possession? Or do we also consider the possibility that the person possessing the shotgun will later use it to commit a crime? ... [H]ow remote is too remote?”); cf Paroline v. United States, -U.S.-, 134 S.Ct. 1710, 1717, 1721, 188 L.Ed.2d 714 (2014) (“The full extent of this victim’s suffering is hard to grasp.”). The analysis under 18 U.S.C. § 16(b) is more bounded; it requires courts to apply the well-settled test from Leocal and determine whether the offense category “naturally involve[s] a person acting in disregard of the risk that physical force might be used against another in committing an offense.” Leocal v. Ashcroft, 543 U.S. 1,10, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004).[6] *677 Thus, 18 U.S.C. § 16(b), which looks to whether a commission of a crime involves a substantial risk of physical force, is pre-dictively more sound — both as to notice (to felons) and in application (by judges)— than imputing clairvoyance as to a potential risk of injury.[7]
The Court’s second concern, uncertainty about how much risk it takes for a crime to qualify, is also less pressing in the context of 18 U.S.C. § 16(b). As the Court highlighted in Johnson, a significant reason that the necessary level of risk was so hard to parse in the context of the Armed Career Criminal Act was that the Act’s residual clause “forces courts to interpret ‘serious potential risk’ in light of ... four enumerated crimes,” the rhyme or reason of which no one could make out. Johnson, 135 S.Ct. at 2558 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). The Court went on to note that, unlike the Armed Career Criminal Act, most similar laws did not “link[ ] a phrase such as ‘substantial risk’ to a confusing list of examples.” Id. at 2561. In 18 U.S.C. § 16(b), the amount of risk required — “substantial risk” — is not linked to any examples. Instead, it is just like the “dozens of federal and state criminal laws” that 'employ terms such as “substantial risk,” “grave risk,” or “unreasonable risk,” see Johnson, 135 S.Ct. at 2561, that state and federal judges interpret as a matter of routine.
These distinctions mean that the concerns raised by the Court in Johnson with respect to Armed Career Criminal Act’s residual clause do not cause the same problems in the context of 18 U.S.C. § 16(b). While there might be specific situations in which 18 U.S.C. § 16(b) would be vague — although Gonzalez-Longoria does not suggest any in particular — it is certainly not a statute that “simply has no core.” Smith, 415 U.S. at 578, 94 S.Ct. 1242. Thus, we hold that 18 U.S.C. § 16(b) is not unconstitutionally vague on its face.
C.
Likewise, 18 U.S.C. § 16(b) is plainly not vague as applied to Gonzalez-Longoria. See Holder v. Humanitarian Law Project, 561 U.S. 1, 18-19, 130 S.Ct. 2705, 177 L.Ed.2d 355 (2010) (“We consider whether a statute is vague as applied to the particular facts at issue[.]”). GonzalezLongoria’s most recent crime is Illegal Reentry after Deportation, and his relevant earlier crime was Assault Causing Bodily Injury with a Prior Conviction of Family Violence. Due process requires, first, that Gonzalez-Longoria be able to apprehend that he could face enhanced punishment because his prior offense naturally involves physical force, and, second, that the provision under which he was sentenced not be so standardless as to invite arbitrary or discriminatory enforcement. Both requirements are satisfied.
The standard provided by 18 U.S.C. § 16(b) can be straightforwardly applied to Gonzalez-Longoria’s prior offense, as is evidenced by this court’s ease in applying the *678 definition to other, similar offenses in the past. For example, in United States v. Sanchez-Espinal, 762 F.3d 425 (5th Cir. 2014), a panel of this court held that a New York felony conviction for aggravated criminal contempt qualifies as a “crime of violence” under 18 U.S.C. § 16(b) for purposes of the same eight-level guidelines enhancement at issue here. Id. at 431. A conviction for New York aggravated criminal contempt required a defendant to “cause physical injury to a victim for whose benefit an order of protection has been previously issued against the defendant.” Id. The panel observed that protective orders were usually issued in domestic violence cases, and that a defendant would have to flout such an order to commit the crime. Id. at 431-32. The panel concluded: “These elements — a discordant history between the victim and the defendant leading to a court order of protection, which the defendant knowingly violates — underscore our conclusion that a violation of [the aggravated criminal contempt statute], by its nature, entails a high probability that physical force will be used.” Id. at 432.
Here, Gonzalez-Longoria’s crime of Assault Causing Bodily Injury with a Prior Conviction of Family Violence consisted of “intentionally, knowingly, or recklessly causes bodily injury to another,” committed against a household or family member, or person in a dating relationship with the defendant, when the defendant had a previous conviction for an offense against a household or family member, or person in a dating relationship with the defendant. See Tex. Penal Code § 22.01(a)(1) & (b)(2). This describes a crime of domestic violence. Like the New York aggravated criminal contempt conviction held to be a “crime of violence” in Sanchez-Espinal, Tex. Penal Code § 22.01(b)(2) is in that category of crimes that “while capable of being committed without the use of physical force, always entail a substantial risk that physical force” will be used. Sanchez-Espinal, 762 F.3d at 432 (quoting Rodriguez v. Holder, 705 F.3d 207, 213 (5th Cir. 2013)); see also Perez-Munoz, 507 F.3d at 364 (“Being able to imagine unusual ways the crime could be committed without the use of physical force does not prevent it from qualifying as a crime of violence under 18 U.S.C. § 16(b)”). Thus, 18 U.S.C. § 16(b)’s standard for when a prior conviction should be counted as a crime of violence can be straightforwardly applied to Gonzalez-Longoria’s prior crime of conviction. Gonzalez-Longoria was on sufficient notice that his earlier crime of Assault Causing Bodily Injury with a Prior Conviction of Family Violence is one society condemns as violent because it involves a substantial risk that, in the course of its commission, force will be used against another. We therefore conclude that 18 U.S.C. § 16(b) is not vague as applied to Gonzalez-Longoria.
D.
We close by noting that the Supreme Court invalidated the Armed Career Criminal Act’s residual clause only after “[n]ine years’ experience trying to derive meaning from the ... clause,” “repeated attempts and repeated failures to craft a principled and objective standard,” and years of “pervasive disagreement” in the lower courts about how to conduct the categorical-approach inquiry with respect to the clause, Johnson, 135 S.Ct. at 2558-60—a record of unworkability not present here. Thus, we decline to get ahead of the Supreme Court, invalidating duly enacted and longstanding legislation by implication. See United States v. Nat’l Dairy Prods. Corp., 372 U.S. 29, 32, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963) (stating that a “strong presumptive validity ... attaches to an Act of Congress” and that, when possible, courts should seek an interpretation that sup *679 ports the constitutionality of legislation and avoid invalidating a statute as vague); Rodriguez de Quijas v. Shearson/Am. Express, Inc., 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989). This is especially true because the Court in Johnson specifically identified the precedent it was overruling, see Johnson, 135 S.Ct. at 2563, yet intimated nothing negative about its earlier, unanimous Leocal decision. See Dimaya v. Lynch, 803 F.3d 1110, 1129 (9th Cir. 2015) (Callahan, J., dissenting) (“The Supreme Court will be surprised to learn that its opinion in Johnson rendered § 16(b) unconstitutionally vague, particularly as its opinion did not even mention Leocal and specifically concluded with the statement limiting its potential scope.”); Ballew v. Cont’l Airlines, Inc., 668 F.3d 777, 782 (5th Cir. 2012).
IV.
The judgment of the district court is affirmed.

. Two other circuits had already invalidated 18 U.S.C. § 16(b), albeit in different contexts, under Johnson’s reasoning. See United States v. Vivas-Ceja, 808 F.3d 719, 723 (as incorporated into 8 U.S.C. § 1326(b)) (7th Cir. 2015); Dimaya v. Lynch, 803 F.3d 1110, 1120 (9th Cir. 2015) (civil removal). Both the Second Circuit and Sixth Circuit had distinguished the reasoning in Johnson and held that 18 U.S.C. § 924(c)(3)(B), which both courts characterized as identical in all material respects to 18 U.S.C. § 16(b), is not vague. See United States v. Taylor, 814 F.3d 340, 379 (6th Cir. 2016); United States v. Hill, No. 14-3872, - F.3d -, -, 2016 WL 4129228, slip op. at 22 (2nd Cir. Aug. 3, 2016). Since the Taylor panel opinion was issued, the Sixth Circuit has invalidated 18 U.S.C. § 16(b) as unconstitutionally vague, distinguishing Taylor in part on the ground that, "[u]nlike [18 U.S.C. § 924(e)(2)(B)(ii) ] and [18 U.S.C. § 16(b)], which require a categorical approach to stale predicate convictions, 18 U.S.C. § 924(c) is a criminal offense that requires an ultimate determination of guilt beyond a reasonable *674 doubt — by a jury, in the same proceeding.” Shuti v. Lynch, No. 15-3835, 828 F.3d 440, 449, 2016 WL 3632539, at *8 (6th Cir. July 7, 2016). However, the Taylor decision does not appear to distinguish 18 U.S.C. § 924(c) in this manner. See Taylor, 814 F.3d at 378 ("It is true that Johnson also relied in part on the fact that the [18 U.S.C. § 924(e)(2)(B)(ii) ] residual clause, like § 924(c)(3)(B), requires the application of a categorical approach, which requires courts to look at the ordinary case of the predicate crime.”).

. During the time that Gonzalez-Longoria’s case was pending en banc, Gonzalez-Longoria was released from federal custody. This development presents the question whether the conclusion of his time in custody renders this appeal moot. We conclude that it does not. The district court’s determination that Gonzalez-Longoria’s prior offense was an “aggravated felony” made his offense of conviction itself an "aggravated felony.” 8 U.S.C. § 1101(a)(43)(O). The district court's “aggravated felony” determination therefore renders Gonzalez-Longoria permanently inadmissible to the United States (among other repercussions), id. § 1182(a)(9)(A)(i), (ii), a "collateral consequence” that Gonzalez-Longoria has a concrete and ongoing interest in avoiding. Alwan v. Ashcroft, 388 F.3d 507, 511 (5th Cir. 2004); accord United States v. Villanueva-Diaz, 634 F.3d 844, 848-49 (5th Cir. 2011).

. Here, Gonzalez-Longoria challenges not a statute but a guidelines provision that incorporates by reference a portion of a criminal statute. Because we hold that Gonzalez-Lon-goria's vagueness challenge fails on the mer *675 its, we pretermit the question whether the guidelines are subject to vagueness challenges. See United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990).

. “Under the categorical approach, a court assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion' " — an inquiry known as "ordinary case” analysis. Johnson, 135 S.Ct. at 2557 (quoting Begay v. United States, 553 U.S. 137, 141, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008)). As the Court summarized in Johnson, "good reasons” supported the adoption of the categorical approach with respect to the Armed Career Criminal Act:
Taylor explained that the relevant part of the Armed Career Criminal Act “refers to 'a person who ... has three previous convictions' for — not a person who has committed — three previous violent felonies or drug offenses.” 495 U.S. at 600, 110 S.Ct. 2143. This emphasis on convictions indicates that "Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions.” Ibid. Taylor also pointed out the utter impracticability of requiring a sentencing court to reconstruct, long after the original conviction, the conduct underlying that conviction.
Id. at 2562. See also Mathis v. United States, 579 U.S. -, 136 S.Ct. 2243, 2254-57, 195 L.Ed.2d 604 (2016) (summarizing reasons supporting the use of the categorical approach in connection with the Armed Career Criminal Act).

. Compare Vivas-Ceja, 808 F.3d at 722 (holding that 18 U.S.C. § 16(b) is unconstitutionally vague as incorporated into 8 U.S.C. 1326(b) because it must be interpreted according to the same “two-step 'categorical approach” employed in connection with the Armed Career Criminal Act's residual clause), Dimaya, 803 F.3d at 1114, 1116 (holding that 18 U.S.C. § 16(b) is unconstitutionally vague in the civil-removal context because it is "subject to the categorical approach” and employs an "imprecise” risk standard), and Shuti, 828 F.3d at 446, 2016 WL 3632539, at *5 (holding that 18 U.S.C. § 16(b) is unconstitutionally vague in the civil-removal context because "it compels a categorical approach to prior convictions and an imprecise analysis of possible risk”), with Taylor, 814 F.3d at 379 (distinguishing the reasoning in Johnson and holding that 18 U.S.C. § 924(c)(3)(B), which, as characterized by the court, is identical in all material respects to 18 U.S.C. § 16(b), is not vague), and Hill, No. 14-3872, — F.3d at -, 2016 WL 4129228, slip op. at 22 (same).

. Classifying crimes, especially by assessment of risk of force and violence, is built into the criminal justice system. For example, 18 U.S.C. § 924(c), which provides for enhanced penalties for the use of a firearm in connection with a crime, contains the same definition of "crime of violence” as 18 U.S.C. § 16(b). See 18 U.S.C. § 924(c)(3)(B). Likewise, the Bail Reform Act contemplates presumptive imprisonment when a defendant is even charged with a "crime of violence.” See 18 U.S.C. § 3142(f)(1)(A), (g)(1). Indeed, the definition found in 18 U.S.C. § 16 applies to many provisions of Title 18. See, e.g., 18 *677 U.S.C. § 25(a)(1) (use of minor to commit a crime of violence); § 931(a)(1) (purchase of body armor by violent felons); § 1956(c)(7)(B)(ii) (money laundering); see also 18 U.S.C. § 842(p)(2) (facilitating use of explosives in connection with a crime of violence); § 929(a)(1) (use of armor-piercing ammunition in connection with a crime of violence); § 1952(a) (racketeering); § 2250(d) (failure to register as a sex offender); § 2261(a) (domestic violence); § 3559(f) (crime of violence against children).

. See also Leocal, 543 U.S. at 10 n.7, 125 S.Ct. 377 ("Thus, § 16(b) plainly does not encompass all offenses which create a ‘substantial risk' that injury will result from a person’s conduct. The ‘substantial risk’ in § 16(b) relates to the use of force, not to the possible effect of a person's conduct.”).