# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40991
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

FRANCISCO ALVARO-VELASCO,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-144-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Following his guilty-plea conviction of illegal reentry, Francisco Alvaro-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40991

Velasco was sentenced to 48 months of imprisonment, including a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) on account of his conviction of second-degree kidnapping under North Carolina General Statutes § 14-39. Alvaro-Velasco contends that the district court "committed reversible plain error by convicting, sentencing, and entering judgment against Alvaro-Velasco under 8 U.S.C. § 1326(b)(2) based on its determination that his prior kidnapping conviction qualified as a conviction for a 'crime of violence' under 18 U.S.C. § 16(b) and thus one for an 'aggravated felony' under 8 U.S.C. § 1101(a)(43)(F)." Relying primarily on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Alvaro-Velasco maintains that the definition of a crime of violence in § 16(b), as incorporated by reference into the definition of an aggravated felony in § 1101(a)(43)(F), is unconstitutionally vague on its face. He further contends that this court cannot apply § 16(b) in this case without violating due process.

The government has filed an unopposed motion for summary affirmance, urging that Alvaro-Velasco's reasoning is foreclosed by *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). The government is correct that *Gonzalez-Longoria* forecloses Alvaro-Velasco's facial vagueness challenge to § 16(b) and his challenge to our application of § 16(b) on due-process grounds.[1] *See id.* Accordingly, the motion for summary affirmance is GRANTED, and the judgment is AFFIRMED. The government's alternate motion for an extension of time to file a brief is DENIED as unnecessary.

---

[1] The grant of certiorari on the issue whether § 16(b) is unconstitutional in light of *Johnson* in *Lynch v. Dimaya*, 2016 WL 3232911 (Sept. 29, 2016) (No. 15-1498), does not affect the analysis. This court is bound by its own precedent unless and until it is altered by a decision of the Supreme Court. *See Wicker v. McCotter*, 798 F.2d 155, 157–58 (5th Cir. 1986).