# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41467
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL GONZALEZ-BAUTISTA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-267-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Daniel Gonzalez-Bautista pleaded guilty to illegal reentry having been previously removed subsequent to a conviction for an aggravated felony. He was sentenced to 84 months of imprisonment and three years of supervised release. Gonzalez-Bautista argues for the first time on appeal that the district court plainly erred by characterizing his prior Texas conviction for aggravated assault on a public servant as an aggravated felony under 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41467

§ 1101(a)(43)(F) for the purposes of convicting and sentencing him under 8 U.S.C. § 1326(b)(2). Relying primarily on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Gonzalez-Bautista argues that the definition of a crime of violence in 18 U.S.C. § 16(b), which is incorporated by reference into § 1101(a)(43)(F)'s definition of an aggravated felony, is unconstitutionally vague on its face. He further contends that this court cannot apply § 16(b) in this case without violating due process.

The Government has filed an unopposed motion for summary affirmance, urging that Gonzalez-Bautista's arguments are foreclosed by our recent decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). The Government is correct that *Gonzalez-Longoria* forecloses Gonzalez-Bautista's facial vagueness challenge to § 16(b) as well as his challenge to our application of § 16(b) on due process grounds. *See Gonzalez-Longoria*, 831 F.3d at 672-78.

Accordingly, the motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternate motion for an extension of time to file a brief is DENIED.