# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41013
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HELBER VALDEZ, also known as Helber Valdez Carrion,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-208-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Helber Valdez pleaded guilty to illegal reentry and was sentenced to 30 months in prison. For the first time on appeal, Valdez argues that the district court committed reversible plain error when it determined that he previously was convicted of an "aggravated felony" pursuant to 8 U.S.C. § 1101(a)(43) that rendered him eligible for an increased statutory maximum sentence under 8 U.S.C. § 1326(b)(2). He asserts that his California conviction for aggravated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assault is not an "aggravated felony" because he was not sentenced to at least one year in prison for that offense and that his Texas conviction for burglary of a building is not an "aggravated felony" because the crime is not a generic burglary offense for purposes of § 1101(a)(43)(G) or a "crime of violence" under § 1101(a)(43)(F).  Principally, Valdez contends that the Texas offense is not a "crime of violence" because, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), 18 U.S.C. § 16(b), which § 1101(a)(43)(F) incorporates by reference, is unconstitutionally vague on its face.  He further asserts that § 16(b) cannot be applied in this case without violating due process.

The Government has filed an unopposed motion for summary affirmance in which it argues that we need not resolve whether Valdez's prior California conviction is an "aggravated felony" or whether his past Texas conviction for burglary of a building qualifies as generic burglary; the Government contends that Valdez's Texas conviction is a "crime of violence" under § 16(b), and his challenge to that determination is foreclosed by our recent decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259).

Valdez does not dispute that his Texas conviction is a "crime of violence" pursuant to § 16(b) and, thus, an "aggravated felony" under § 1101(a)(43)(F).  He contends only that § 16(b) is unconstitutionally vague.  The Government is correct that *Gonzalez-Longoria* forecloses Valdez's facial vagueness challenge to § 16(b), as well as his challenge to our application of § 16(b) on due process grounds.[1]  *See Gonzalez-Longoria*, 831 F.3d at 672-78.  He has not briefed any argument challenging whether the standard provided by § 16(b) is

---

[1] The recent grant of certiorari by the United States Supreme Court on the issue whether § 16(b) is unconstitutional in light of *Johnson* in *Lynch v. Dimaya*, No. 15-1498, 2016 WL 3232911 (U.S. Sept. 29, 2016), does not alter the analysis.  We are bound by our own precedent unless and until that precedent is altered by a decision of the Supreme Court.  *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).

No. 15-41013

unconstitutionally vague as applied to his prior Texas offense. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).

Accordingly, the motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternate motion for an extension of time to file a brief is DENIED.