# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-41385
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO ALBERTO AMAYA-GUERRERO, also known as Mario A. Amaya,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-527-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Mario Alberto Amaya-Guerrero pleaded guilty to illegal reentry by a previously deported alien in violation of 8 U.S.C. § 1326. The district court sentenced Amaya-Guerrero to 30 months of imprisonment−a sentence at the top of the recommended guideline imprisonment range. On appeal, Amaya-Guerrero challenges the 8-level "aggravated felony" enhancement he received under U.S.S.G. § 2L1.2(b)(1)(C) based on his prior state conviction for injury to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41385

a child in violation of TEX. PENAL CODE § 22.04. He argues that the definition of "aggravated felony," which includes a "crime of violence" as defined in 18 U.S.C. § 16(b), is void for vagueness.

The Government has filed an unopposed motion for summary affirmance, urging that Amaya-Guerrero's arguments are foreclosed by this court's recent decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *pet. for cert. filed* (Sept. 29, 2016) (No. 16-6259). The Government is correct that *Gonzalez-Longoria* forecloses Amaya-Guerrero's facial vagueness challenge to § 16(b),[1] *see id.*, and Amaya-Guerrero does not make a separate as-applied challenge to § 16(b)'s application to his prior Texas offense for injury to a child. Accordingly, the motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.

---

[1] Although the Supreme Court recently granted certiorari on the question of whether § 16(b) is unconstitutionally vague, *see Lynch v. Dimaya*, 2016 WL 3232911 (Sept. 29, 2016) (No. 15-1498), this court is bound by its own precedent unless and until that precedent is altered by a decision of the Supreme Court, *see Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).