# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41091
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO DE JESUS TREVINO-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-588-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Following his guilty plea conviction for illegal reentry after removal, Francisco De Jesus Trevino-Rodriguez was sentenced above his advisory guidelines range to 41 months of imprisonment. Trevino-Rodriguez argues that the district court erred by convicting, sentencing, and entering judgment against him pursuant to 8 U.S.C. § 1326(b) based upon its determination that his prior conviction for burglary of a habitation in violation of Texas Penal Code

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41091

§ 30.02(a)(3) and (c)(2) was a crime of violence under 18 U.S.C. § 16(b) and thus was an aggravated felony under 8 U.S.C. § 1101(a)(43)(F).  Relying primarily on *Johnson v. United States*, 135 S. Ct. 2551 (2015), he argues that the definition of a crime of violence in § 16(b) is unconstitutionally vague on its face.  He further contends that this court cannot apply § 16(b) in this case without violating due process.

The Government has filed an unopposed motion for summary affirmance, urging that Trevino-Rodriguez's arguments are foreclosed by our decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 30, 2016) (No. 16-6259).  The Government is correct that *Gonzalez-Longoria* forecloses Trevino-Rodriguez's facial challenge to § 16(b).  Insofar as he raises an as-applied challenge, the claim is not strictly foreclosed by *Gonzalez-Longoria* because the prior convictions at issue differ.  Summary affirmance is, therefore, inappropriate. Nevertheless, additional briefing is unnecessary because, just as in *Gonzalez-Longoria*, § 16(b) "can be straightforwardly applied to [Trevino's] prior offense," and Trevino "was on sufficient notice that his earlier crime of [burglary of a habitation] is one society condemns as violent because it involves a substantial risk that, in the course of its commission, force will be used against another."[1] *Id.* at 677-78; *see Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004).  Accordingly, the district court's judgment is AFFIRMED, and the motions for summary affirmance and for an extension of time to file a brief are DENIED.

---

[1] The recent grant of certiorari by the United States Supreme Court on the issue whether § 16(b) is unconstitutional in light of *Johnson* in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016), does not alter the analysis.  This court is bound by its own precedent unless and until that precedent is altered by a decision of the Supreme Court.  *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).