petition for discretionary review in the Texas Court of Criminal Appeals.

In a § 1983 action, federal law looks to the personal injury statute of limitations for the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). In this case, the applicable Texas statute of limitations is two years. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Federal law determines when an action accrues and the limitation period starts. *Id.* An action accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* (internal quotation marks omitted) (quoting *Russell v. Bd. of Trs. of the Firemen*, 968 F.2d 489, 493 (5th Cir. 1992)). Heslep concedes that he "had reason to know of the injury which is the basis of this claim on July 2, 2011," the same date used by the district court as starting the limitations period. Heslep's civil rights complaint filed in 2015 was untimely.

Heslep offers several novel contentions that do not show that the district court erred by dismissing his action as untimely. The judgment of the district court is AF-FIRMED. Heslep's motion to file a supplemental brief is GRANTED.

---

**UNITED STATES of America, Plaintiff-Appellee**

v.

**Silverio GATICA-CHAVEZ, also known as Siberio Gatica Chavez, Defendant-Appellant**

**No. 15-40204 Conference Calendar**

United States Court of Appeals, Fifth Circuit.

Filed February 21, 2017

Amy Howell Alaniz, Carmen Castillo Mitchell, Assistant U.S. Attorneys, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant-Appellant

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Appealing the judgment in a criminal case, Silverio Gatica-Chavez raises an argument that is foreclosed by *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). In *Gonzalez-Longoria*, we held that 18 U.S.C. § 16(b), which defines a crime of violence when

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incorporated by reference into U.S.S.G. § 2L1.2(b)(1)(C) (2014), is not unconstitutionally vague on its face in light of *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). *Gonzalez-Longoria*, 831 F.3d at 672. Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.

UNITED STATES of America,
Plaintiff-Appellee

v.

Joel VELASQUEZ-RIOS,
Defendant-Appellant

No. 15-41517
Conference Calendar

United States Court of Appeals,
Fifth Circuit.

Filed February 21, 2017

Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant-Appellant

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM: \*

Appealing the judgment in a criminal case, Joel Velasquez-Rios raises an argument that is foreclosed by *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). In *Gonzalez-Longoria*, we held that 18 U.S.C. § 16(b), which defines a crime of violence when incorporated by reference into U.S.S.G. § 2L1.2(b)(1)(C) (2014), is not unconstitutionally vague on its face in light of *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). *Gonzalez-Longoria*, 831 F.3d at 672. Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.

UNITED STATES of America,
Plaintiff-Appellee

v.

Raul SAUCEDO, Jr., Defendant-Appellant

No. 15-41701
Conference Calendar

United States Court of Appeals,
Fifth Circuit.

Filed February 21, 2017

the limited circumstances set forth in 5TH CIR. R. 47.5.4.