# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41159
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ALBERTO ESPARZA-CASILLAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-287-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Luis Alberto Esparza-Casillas pleaded guilty to one count of illegal reentry and was sentenced to 41 months of imprisonment. Esparza-Casillas has filed an unopposed motion for summary disposition arguing for the first time on appeal that the district court committed reversible plain error by convicting, sentencing, and entering judgment against him under 8 U.S.C. § 1326(b)(2) because his prior Texas conviction for aggravated assault is not an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41159

"aggravated felony." Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), he argues that the definition of a "crime of violence" in 18 U.S.C. § 16(b), incorporated by reference into the definition of an "aggravated felony" in 8 U.S.C. § 1101(a)(43)(F), is unconstitutionally vague on its face. He acknowledges, however, that his argument is foreclosed by this court's decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259).[1] Accordingly, the motion for summary disposition is GRANTED, and the district court's judgment is AFFIRMED.

---

[1] The recent grant of certiorari by the United States Supreme Court on the issue of whether § 16(b) is unconstitutional in light of Johnson in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016), does not alter this analysis. This court is bound by its own precedent unless and until that precedent is altered by a decision of the Supreme Court. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).