# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41219
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GUADALUPE VEGA-ZAPATA, also known as Ricardo Gonzalez, also known as Victor Guadalupe Medina,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-580-1

Before KING, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Vega-Zapata pleaded guilty to illegal reentry and was sentenced to a 36-month term of imprisonment. On appeal, Vega-Zapata renews his challenge to application of the eight-level aggravated felony enhancement of U.S.S.G. § 2L1.2(b)(1)(C). The gravamen of his argument is that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the definition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41219

of a crime of violence (COV) in 18 U.S.C, § 16(b) is unconstitutionally vague on its face.  Therefore, he contends, neither his prior Texas conviction for evading arrest with a motor vehicle nor his prior Texas conviction for assault of a public servant is a COV under § 16(b), and thus neither prior conviction is an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43)(F) and § 2L1.2(b)(1)(C).

As Vega-Zapata concedes, his argument is foreclosed by our decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672-77 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259), in which we rejected a constitutional challenge to § 16(b) as facially vague.  Accordingly, Vega-Zapata's motion for summary disposition is GRANTED, and the district court's judgment is AFFIRMED.