# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20475
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEITH DESHAWN STEPHENS, also known as Nook,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-264-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Keith Deshawn Stephens pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a), and discharging a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii). He was sentenced to 210 months on the robbery charge and 120 months on the firearm charge, for a total of 330 months of imprisonment, as well as five years of supervised release and $76,290 in restitution. Stephens appeals the factual basis for his guilty plea to his § 924(c)

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20475

conviction, arguing that federal armed bank robbery under § 2113(a) is not a crime of violence and cannot serve as a predicate offense for the § 924(c) firearm conviction.  Specifically, he argues that the residual clause definition of crime of violence in § 924(c)(3)(B) cannot support his conviction because that definition is void for vagueness after *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The Government has filed a motion for summary affirmance, or in the alternative, for an extension of time to file a brief.  The Government contends that Stephens's argument that § 924(c)(3)(B) is void for vagueness based on *Johnson* is foreclosed by this court's decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259)).

Stephens's argument is foreclosed by *Gonzalez-Longoria*, 831 F.3d at 675-77, in which we rejected a *Johnson*-based challenge to 18 U.S.C. § 16(b), which includes language nearly identical to that of § 924(c)(3)(B).  The Government's motion for summary affirmance is granted.  We deny, as unnecessary, its alternative motion for an extension of time for briefing, and we affirm the judgment of the district court.

Stephens moves to hold the appeal in abeyance until the Supreme Court decides whether § 16(b) is unconstitutionally vague in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016) (granting certiorari).  The motion is denied.  *Gonzalez-Longoria* is binding precedent unless overruled by this court en banc or by the Supreme Court, and a grant of certiorari does not override this court's precedent.  *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).

JUDGMENT AFFIRMED; MOTION FOR SUMMARY AFFIRMANCE GRANTED; MOTION FOR AN EXTENSION OF TIME DENIED, MOTION TO HOLD APPEAL IN ABEYANCE DENIED.