# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40975
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

LUIS MARTIN MENDOZA-ACEVES,

     Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-852-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY and SOUTHWICK, Circuit Judges.*

PER CURIAM:**

Luis Mendoza-Aceves was convicted of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). He appealed his conviction and sentence, but, recognizing that his constitutional vagueness challenge to 18

---

    * Due to Judge Edward Prado's retirement on April 2, 2018, this matter is being decided by a quorum. *See* 28 U.S.C. § 26(d).
    ** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 16(b) was foreclosed by this court's precedent, he sought summary disposition. *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc), *abrogated by Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). We granted his unopposed motion for summary disposition, affirming the district court's judgment. *United States v. Mendoza-Aceves*, 677 F. App'x 169, 170 (5th Cir. 2017). The Supreme Court granted certiorari, vacated the judgment, and remanded the case to us for further consideration in light of *Dimaya*'s holding that Section 16(b) is unconstitutionally vague. *See Dimaya*, 138 S. Ct. at 1210.

The parties have each submitted a supplemental letter brief addressing what action we should take on remand. Although Mendoza-Aceves argues that after *Dimaya* his conviction under Section 1326(b)(2) should not stand, the Government contends Mendoza-Aceves has another prior conviction that can serve as the predicate for his Section 1326(b)(2) conviction by satisfying Section 16(a). Because this issue has not yet been presented to the district court, we VACATE the district court's judgment and REMAND.