# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41517
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JOEL VELASQUEZ-RIOS,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-732-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY and SOUTHWICK, Circuit Judges.[*]

PER CURIAM:[**]

      Joel Velasquez-Rios pleaded guilty to being found in the United States after having been deported.  This Court granted the Government's unopposed motion for summary affirmance because Velasquez-Rios's constitutional vagueness challenge to 18 U.S.C. § 16(b), incorporated into the definition of

---

[*] This matter is being decided by a quorum due to Judge Edward Prado's retirement on April 2, 2018.  *See* 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41517

"aggravated felony" for purposes of sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(C) (2014), was foreclosed by *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc), *abrogated by Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *United States v. Velasquez-Rios*, 677 F. App'x 186 (5th Cir. 2017). The Supreme Court granted certiorari, vacated the judgment, and remanded the case to us for further consideration in the light of *Dimaya*'s holding that Section 16(b) is unconstitutionally vague. *See Dimaya*, 138 S. Ct. at 1210.

In supplemental letter briefs submitted at this Court's request, the parties agree that Velasquez-Rios's challenge to the sentencing enhancement for having been deported after having committed an aggravated felony is foreclosed by this Court's decision in *United States v. Godoy*, 890 F.3d 531, 541–42 (5th Cir. 2018). The parties further agree that because the written judgment does not contain any indication of a prior "aggravated felony" and does not reflect that Velasquez-Rios was convicted and sentenced under 8 U.S.C. § 1326(b)(2), which provides for a maximum sentence of 20 years for defendants previously convicted of an aggravated felony, there is no need to remand for the purpose of correction of the judgment. The judgment is therefore AFFIRMED.