# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11187
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

AMILCAR LINARES-MAZARIEGO, also known as Amilcar Linares,

    Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-201-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY and SOUTHWICK, Circuit Judges.*

PER CURIAM:**

    Amilcar Linares-Mazariego was convicted of illegal reentry after removal in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He appealed his conviction and sentence but acknowledged that his constitutional vagueness

---

\* Due to Judge Edward Prado's retirement on April 2, 2018, this matter is being decided by a quorum. *See* 28 U.S.C. § 46(d).

\*\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11187

challenge to 18 U.S.C. § 16(b) was then foreclosed by this court's precedent. *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc), *abrogated by Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). We granted his motion for summary disposition and affirmed the district court's judgment. *United States v. Linares-Mazariego*, 677 F. App'x 182, 183 (5th Cir. 2017). The Supreme Court granted certiorari, vacated the judgment, and remanded this case to us for further consideration in light of *Dimaya.*

The parties have submitted a joint supplemental letter brief that addresses the action we should take on remand. The parties agree that resentencing is not warranted. Consistent with a recent precedent, they agree we may reform the district court's judgment to reflect a sentence according to Section 1326(b)(1) and affirm the judgment as modified. *E.g.*, *United States v. Godoy*, 890 F.3d 531, 542 (5th Cir. 2018), *as revised* (June 25, 2018).

Though we agree with the parties as to our authority to reform the judgment, we conclude that a change is clearer should it become relevant in the future if a new judgment is entered by the district court. Therefore, Linares-Mazariego's conviction and sentence are AFFIRMED, but we REMAND this case to the district court for the limited purpose of entering a corrected judgment to reflect a conviction and sentence under 8 U.S.C. § 1326(b)(1).