# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41219
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GUADALUPE VEGA-ZAPATA, also known as Ricardo Gonzalez, also known as Victor Guadalupe Medina,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-580-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Vega-Zapata pleaded guilty to illegal reentry and was sentenced to a 36-month term of imprisonment. Vega-Zapata appealed application of the eight-level aggravated felony enhancement of U.S.S.G. § 2L1.2(b)(1)(C) on the ground that the definition of "crime of violence" that it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incorporates from 18 U.S.C, § 16(b) is unconstitutionally vague.  We summarily affirmed because *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672–77 (5th Cir. 2016) (en banc), had rejected the vagueness challenge.

In *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court disagreed with our view and held that the "crime of violence" definition in 18 U.S.C, § 16(b) is unconstitutional.  It then granted Vega-Zapata's petition for a writ of certiorari, vacated our judgment, and remanded for further consideration in light of *Dimaya*.

Post-*Dimaya*, we have already considered another challenge to a Sentencing Guidelines enhancement that incorporates the definition from the now-unlawful federal statute.  Relying on the Supreme Court's holding that the Guidelines are not subject to vagueness challenges, we held that *Dimaya* does not prevent application of a Guideline that incorporates the statutory "crime of violence" definition.  *United States v. Godoy*, 890 F.3d 531, 541–42 (5th Cir. 2018).  The parties agree that *Godoy* requires affirming Vega-Zapata's sentence.

AFFIRMED.