# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60496
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2018

Lyle W. Cayce
Clerk

HITENDRAKUMAR CHANDHU BHAL PATEL, also known as
Hitendrafumar Patel,

Petitioner - Appellant

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent - Appellee

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 227 161

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Hitendrakumar Chandhu Bhal Patel, a native and citizen of India, was
lawfully admitted to the United States and became a lawful permanent
resident in 2006. He petitions for review of the Board of Immigration Appeals'
(BIA) order that determined he was removable under 8 U.S.C.
§ 1227(a)(2)(A)(iii) because of an "aggravated felony" conviction as defined by

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 17-60496

8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16(b).  The BIA also rejected Patel's request for relief from removal.

In the light of our then-binding holding in *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc), *abrogated by Sessions v. Dimaya,* 138 S. Ct. 1204, 1212 n.2, 1223 (2018), the BIA's removability ruling rested exclusively on the conclusion that Patel's conviction qualified as a crime of violence under § 16(b)'s residual clause.  Given the Supreme Court's invalidation of § 16(b) in *Dimaya*, the BIA erred in concluding Patel was removable under that provision.  *Dimaya,* 138 S. Ct. at 1223; *see also United States v. Godoy*, 890 F.3d 531, 537 (5th Cir. 2018) (noting "*Dimaya*'s invalidation of § 16(b) in" the Immigration & Nationality Act).

We GRANT the petition for review, VACATE the order of the BIA, and REMAND.