# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41467

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DANIEL GONZALEZ-BAUTISTA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-267-1

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before HAYNES, HO, and DUNCAN, Circuit Judges.

PER CURIAM:\*

On December 1, 2016, we issued an opinion denying Daniel Gonzalez-Bautista's challenge to 18 U.S.C. § 16(b). *United States v. Gonzalez-Bautista*, No. 15-41467, 2016 WL 7028978 (5th Cir. Dec. 1, 2016). Gonzalez-Bautista argued that § 16(b)'s definition of "crime of violence" was unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that his

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41467

Texas conviction for aggravated assault, *see* TEX. PENAL CODE § 22.02, was not an "aggravated felony" for purposes of his conviction for illegal reentry under 8 U.S.C. § 1326(b)(2). *See* 8 U.S.C. § 1101(a)(43)(F) (defining "aggravated felony" as including "a crime of violence" as defined in 18 U.S.C. § 16). We granted the Government's motion for summary affirmance, as Gonzalez-Bautista's argument was foreclosed by our circuit precedent at the time. *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 673 (5th Cir. 2016). Gonzales-Bautista petitioned the U.S. Supreme Court for certiorari. After deciding in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), that § 16(b)'s definition of "crime of violence" was unconstitutionally vague, the Supreme Court vacated and remanded Gonzalez-Bautista's case for further consideration in light of *Dimaya*. We requested supplemental briefing from the parties.

Gonzalez-Bautista and the Government agree that, after *Dimaya*, his conviction under 8 U.S.C. § 1326(b)(2) cannot be affirmed on the basis of § 16(b)'s unconstitutionally vague definition of "crime of violence." The parties disagree, however, over whether his conviction may properly be affirmed on the alternative basis that his Texas aggravated assault conviction has as "an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). We exercise our discretion to remand to the district court to consider this issue in the first instance.

Accordingly, we REMAND for further proceedings consistent herewith.

2