# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10135
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISRAEL PEREZ-JIMENEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-269-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Israel Perez-Jimenez pleaded guilty to illegal reentry and was sentenced to 30 months of imprisonment. The advisory guidelines calculations included an eight-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C) for a prior, aggravated felony conviction based on Perez-Jimenez's Texas convictions for burglary of a building and burglary of a vehicle. Perez-Jimenez now argues that the district court erred by characterizing his offenses as aggravated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felonies under 8 U.S.C. § 1101(a)(43)(F) for the purposes of convicting and sentencing him under 8 U.S.C. § 1326(b)(2).  Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Perez-Jimenez argues that the definition of a crime of violence in 18 U.S.C. § 16(b), which is incorporated by reference into § 1101(a)(43)(F)'s definition of an aggravated felony, is unconstitutionally vague on its face.  Perez-Jimenez's arguments are foreclosed by our recent decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259).

Additionally, Perez-Jimenez challenges his enhanced sentence under § 1326(b), arguing that because the indictment did not allege a prior conviction, his sentence exceeds the statutory maximum penalty for a conviction under § 1326(a).  He challenges the validity of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013).  Perez-Jimenez correctly concedes that his argument is foreclosed.

The judgment of the district court is AFFIRMED.