# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50425
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE RAFAEL CARPIO-NATIVIDAD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:15-CR-27-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Following his guilty plea conviction for illegal reentry after removal, Jose Rafael Carpio-Natividad was sentenced within the recommended guidelines range to 24 months of imprisonment. Carpio-Natividad argues that the district court erred by convicting, sentencing, and entering judgment against him pursuant to 8 U.S.C. § 1326(b)(2) based upon its determination that his 2014 conviction for assault/family violence in violation of Texas Penal Code

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 22.01(b)(2)(A) was a crime of violence under 18 U.S.C. § 16 and thus was an aggravated felony under 8 U.S.C. § 1101(a)(43)(F).  Relying primarily on *Johnson v. United States*, 135 S. Ct. 2551 (2015), he argues that the definition of a crime of violence in Section 16(b) is unconstitutionally vague on its face. He further contends that this court cannot apply Section 16(b) in this case without violating due process.[1]

The Government has filed an unopposed motion for summary affirmance, urging that Carpio-Natividad's challenge to Section 16(b) is foreclosed by our decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). The Government is correct that *Gonzalez-Longoria* forecloses Carpio-Natividad's facial challenge to Section 16(b) as well as, in this case, an as-applied challenge to Section 16(b).[2]  *See id.*  Accordingly, the motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED.  The Government's alternate motion for an extension of time to file a brief is DENIED.

---

[1] Carpio-Natividad also argues that his Texas assault/family violence conviction is not a crime of violence under Section 16(a).  We need not reach this issue given that the conviction qualifies as a crime of violence under Section 16(b).

[2] The recent grant of certiorari by the United States Supreme Court on the issue of whether Section 16(b) is unconstitutional in light of *Johnson* in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016), does not alter the analysis.  This court is bound by its own precedent unless and until that precedent is altered by a decision of the Supreme Court.  *See Wicker v. McCotter*, 798 F.2d 155, 157–58 (5th Cir. 1986).