# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41382
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JAIME ADRIAN HERNANDEZ-HERNANDEZ,
Also Known as Jaime Adrian Amaro Hernandez-Hernandez,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-1745-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Jaime Hernandez-Hernandez pleaded guilty of illegal reentry and was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41382

sentenced to a 41-month term of imprisonment.  On appeal, he renews his challenge to application of the eight-level aggravated-felony enhancement of U.S.S.G. § 2L1.2(b)(1)(C).  The gravamen of his position is that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the definition of a crime of violence ("COV") in 18 U.S.C, § 16(b) is unconstitutionally vague on its face.  Therefore, he contends, his Texas conviction of evading arrest with a motor vehicle does not qualify as a COV under § 16(b) and thus is not an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43)(F) and § 2L1.2(b)(1)(C).

Hernandez-Hernandez concedes that his argument is foreclosed by *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672–77 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259), in which we rejected a constitutional challenge to § 16(b) as facially vague.  Moreover, the Supreme Court recently decided *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), wherein it declined to extend *Johnson* and held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause."

In view of the foregoing, Hernandez-Hernandez's unopposed motion for summary disposition is GRANTED, and the judgment is AFFIRMED.