# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20631
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROLANDO DANIEL GARCIA-HERNANDEZ, also known as Rolando Daniel-Garcia, also known as Rolando Daniel Hernandez Garcia, also known as Rolando Hernandez-Garcia, also known as Rolando Daniel H. Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-197-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Rolando Daniel Garcia-Hernandez appeals following his guilty plea conviction and sentence for illegal reentry after deportation. He contends that the district court reversibly erred by imposing an eight-level enhancement under the aggravated felony provision of U.S.S.G. § 2L1.2(b)(1)(C) (2015), and that the district court erred by imposing judgment under 8 U.S.C. § 1326(b)(2),

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20631

because his prior Texas felony conviction of assault causing bodily injury to a family/house member does not satisfy the definition of an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). In defining an aggravated felony, § 1101(a)(43)(F) incorporates the definition of a crime of violence (COV) under 18 U.S.C. § 16.

Garcia-Hernandez argues that his prior Texas conviction is not an aggravated felony pursuant to § 16(b) because § 16(b) is unconstitutionally vague on its face in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] He concedes that his constitutional challenge to § 16(b) is foreclosed by *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259), but he wishes to preserve the issue for possible further review.

The Government agrees that Garcia-Hernandez's challenge to § 16(b) is foreclosed by *Gonzalez-Longoria*, and it has filed an unopposed motion for summary affirmance. Summary affirmance is proper where, among other things, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

In *Gonzalez-Longoria*, 831 F.3d at 672-77, we analyzed the COV definition in § 16(b) in light of *Johnson*, and we held that § 16(b) is not unconstitutionally vague on its face. The parties therefore are correct that *Gonzalez-Longoria* forecloses Garcia-Hernandez's facial constitutional challenge to § 16(b). *See id.* Moreover, the Supreme Court recently decided *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), wherein the Court declined

---

[1] Garcia-Hernandez also argues that his Texas conviction does not meet the definition of a COV under § 16(a); however, we need not reach that issue given the result regarding § 16(b).

No. 16-20631

to extend *Johnson* and held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause."

In view of the foregoing, the motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.