# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2019

Lyle W. Cayce
Clerk

No. 16-20631
Summary Calendar

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

ROLANDO DANIEL GARCIA-HERNANDEZ, also known as Rolando Daniel-Garcia, also known as Rolando Daniel Hernandez Garcia, also known as Rolando Hernandez-Garcia, also known as Rolando Daniel H. Garcia,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-197-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

    Rolando Daniel Garcia-Hernandez was convicted of illegal reentry after deportation and sentenced to thirty months of imprisonment and three years of supervised release.  On appeal, Garcia-Hernandez contends that the district

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20631

court erred by applying an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) and entering a judgment of conviction under 8 U.S.C. § 1326(b)(2), both based on a finding that his prior Texas conviction for assault causing bodily injury to a family or house member met the definition of "crime of violence" (COV) under 18 U.S.C. § 16.  Section 16 defines "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.  Garcia-Hernandez appealed, arguing that his prior conviction was not a COV because it did not have force as an element under § 16(a) and because the COV definition at § 16(b) was unconstitutionally vague. We affirmed. *United States v. Garcia-Hernandez*, 689 F. App'x 252 (5th Cir. 2017) (per curiam).

The Supreme Court granted Garcia-Hernandez's petition for a writ of certiorari, vacated our judgment, and remanded for further consideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204, 1212, 1223 (2018), which held that § 16(b) was unconstitutionally vague.  However, we have subsequently held that a Texas conviction for "intentionally, knowingly, or recklessly caus[ing] bodily injury to another," like Garcia-Hernandez's prior conviction here, *see* TEX. PENAL CODE §22.01(a)(1), "necessarily requires the use of physical force," and therefore constitutes a COV under § 16(a).  *See United States v. Burris*, 920 F.3d 942, 948 (5th Cir. 2019).

Accordingly, the judgment is AFFIRMED.