# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20785
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO DELGADO CRUZ, also known as Mario Delgado, also known as Mario Cruz Delgado, also known as Daniel Delgado, also known as Mario Cruz-Delgado,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-168-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mario Delgado Cruz appeals following his guilty plea conviction and sentence for illegal reentry. He asserts that the district court reversibly erred by convicting, sentencing, and entering judgment against him under 8 U.S.C. § 1326(b)(2) based upon its determination that his prior Texas conviction for burglary of a habitation qualified as a "crime of violence" under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20785

18 U.S.C. § 16(b) and therefore an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F).

Cruz argues that the definition of a "crime of violence" in § 16(b) is unconstitutionally vague on its face in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] He concedes that his constitutional challenge to § 16(b) is foreclosed by *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). The Government has filed an unopposed motion for summary affirmance based on Cruz's concession.

The parties are correct that *Gonzalez-Longoria* forecloses Cruz's facial constitutional challenge to § 16(b). *See Gonzalez-Longoria*, 831 F.3d at 672-77. Cruz also moves to hold the appeal in abeyance until the Supreme Court decides whether § 16(b) is unconstitutionally vague in *Sessions v. Dimaya*, 137 S. Ct. 31 (2016) (granting certiorari). *Gonzalez-Longoria* is binding precedent unless overruled by this court en banc or by the Supreme Court, and a grant of certiorari does not override this court's precedent. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).

Accordingly, the motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternative motion for an extension of time to file a brief and Cruz's motion to hold the appeal in abeyance are DENIED.

---

[1] While Cruz also argues that his Texas conviction does not constitute an "aggravated felony" under § 1101(a)(43)(G) (i.e., "a . . . burglary offense for which the term of imprisonment [is] at least one year") because the Texas burglary statute sweeps more broadly than the generic definition of burglary, we need not reach that issue given the result regarding § 16(b).