# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20785
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO DELGADO CRUZ, also known as Mario Delgado, also known as Mario Cruz Delgado, also known as Daniel Delgado, also known as Mario Cruz-Delgado,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-168-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Mario Delgado Cruz appealed following his guilty plea conviction and sentence for illegal reentry. He asserted that that the district court reversibly erred by convicting, sentencing, and entering judgment against him under 8 U.S.C. § 1326(b)(2) based upon its determination that his prior Texas

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20785

conviction for burglary of a habitation qualified as a crime of violence under 18 U.S.C. § 16(b) and, therefore, an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). This court affirmed in *United States v. Cruz*, 692 F. App'x 187, 187-88 (5th Cir. 2017). The Supreme Court granted certiorari, vacated, and remanded for further consideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Dimaya*, 138 S. Ct. at 1210, 1223, the Supreme Court invalidated the § 16(b) crime of violence definition as unconstitutionally vague.

At our request, Cruz and the Government submitted supplemental letter briefs addressing the impact of *Dimaya*. They agree that in light of *Dimaya*'s invalidation of § 16(b), Cruz's prior Texas conviction for burglary of a habitation does not constitute an aggravated felony for purposes of § 1326(b)(2). *See United States v. Godoy*, 890 F.3d 531, 536-42 (5th Cir. 2018). As a result, the judgment erroneously reflects that Cruz was sentenced as an aggravated felon under §1326(b)(2). *See id.* at 542.

Accordingly, we REMAND to the district court for the limited purpose of correcting the judgment to reflect that the statutory sentencing provision is § 1326(b)(1), not § 1326(b)(2), and for deletion of the incorrect description of the offense as "[i]llegal re-entry by a previously deported alien after an aggravated felony conviction." In all other respects, the judgment is AFFIRMED.