# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11575
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 31, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME ABIMEL-MEDELLIN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-91-1

Before HIGGINBOTHAM, JONES and SMITH, Circuit Judges.

PER CURIAM:*

Jaime Abimel-Medellin appeals the sentence imposed following his guilty plea conviction for illegal reentry. He argues that the district court reversibly erred by enhancing his base offense level based upon its determination that his prior Texas conviction for assaulting a family member a second time within a year was a "crime of violence" under 18 U.S.C. § 16(b) and thus an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11575

Abimel-Medellin now argues that the "crime of violence" definition in § 16(b) is unconstitutionally vague, both as applied and on its face.  He did not raise in the district court his instant argument that § 16(b) is unconstitutional as applied because, in Texas, assaults can be committed recklessly. Accordingly, we review that issue for plain error only.  *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009) (internal quotation marks and citation omitted).

Abimel-Medellin concedes, correctly, that our decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670, 677-78 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259), forecloses his argument that § 16(b) is unconstitutional on its face.  Furthermore, we held in *Gonzalez-Longoria* that § 16(b) is constitutional as applied to Texas family-violence assault convictions, like Abimel-Medellin's, that "consisted of intentionally, knowingly, or recklessly caus[ing] bodily injury to another."  *Id.* at 678; *see also* TEX. PENAL CODE ANN. § 25.11(a); TEX. PENAL CODE ANN. § 22.01(a)(1).  Thus, *Gonzalez-Longoria* forecloses both of Abimel-Medellin's constitutional arguments.

The Government has filed an unopposed motion for summary affirmance based on Abimel-Medellin's concession that *Gonzalez-Longoria* forecloses his issues on appeal.  The motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary.