# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10184
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAMIEN CASTILLO-MURION, also known as Hector Raul Chairez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-200-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Damien Castillo-Murion appeals the 50-month sentence imposed following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. The sentence represents an upward variance from the applicable guidelines range of 21–27 months. On appeal, Castillo-Murion first contends that his sentence is substantively unreasonable. Specifically, he asserts that the district court gave undue weight to his criminal history and failed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

balance properly the sentencing factors set forth in 18 U.S.C. § 3553(a). He also argues that the extent of the variance is excessive.

We review claims that a sentence is substantively unreasonable, in light of the 18 U.S.C. § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The record confirms that the district court considered counsel's arguments and made an individualized assessment of the § 3553(a) factors, determining that the seriousness and extensiveness of Castillo-Murion's criminal history, the need to deter future misconduct, and the need to protect the public outweighed Castillo-Murion's motives for returning to the United States and warranted an above-guidelines sentence. *See Gall*, 552 U.S. at 49–51; § 3553(a)(1), (2)(B), (C). Castillo-Murion has not shown that the court's focus on his criminal history failed to take into account "a factor that should have received significant weight," gave "significant weight to an irrelevant or improper factor," or represented "a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Nor did the district court error in varying 23 months above the guidelines range's upper bound (from 27 months to 50 months). Indeed, we have upheld variances and departures greater than the increase to Castillo-Murion's sentence. *See United States v. Jones*, 444 F.3d 430, 433, 441–42 (5th Cir. 2006) (46- to 57-month guidelines range; 120-month sentence). He has failed to show that the district court's justification for the imposed sentence was insufficiently compelling. *See Smith*, 440 F.3d at 707.

Castillo-Murion also argues that 18 U.S.C. § 16(b) is unconstitutionally vague and, therefore, none of his prior convictions should have been categorized as a crime of violence making it an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C). This claim is factually baseless as none of Castillo-

No. 17-10184

Murion's prior convictions was categorized as an aggravated felony. Regardless, Castillo-Murion concedes that our precedent forecloses his argument. *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 677–78 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259).

Finally, Castillo-Murion argues that his sentence violates his due process rights, asserting that his sentence could not exceed the two-year maximum under § 1326(a) because the indictment did not allege that he had a prior conviction that would trigger a sentencing enhancement under § 1326(b). He correctly concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

The judgment of the district court is AFFIRMED.

3