# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40227
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESTEBAN CASABON-RAMIREZ, also known as Esteban Casabon,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-714-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Esteban Casabon-Ramirez appeals following his guilty plea conviction and sentence for illegal reentry. He asserts that the district court plainly erred by convicting, sentencing, and entering judgment against him under 8 U.S.C. § 1326(b)(2) based upon its determination that his prior New York conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40227

for sexual abuse qualified as a "crime of violence" under 18 U.S.C. § 16(b) and therefore an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F).

Casabon-Ramirez argues that the definition of a "crime of violence" in § 16(b) is unconstitutionally vague on its face in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] He concedes that his constitutional challenge to § 16(b) is foreclosed by *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). The Government has filed a motion for summary affirmance based on Casabon-Ramirez's concession.

The parties are correct that *Gonzalez-Longoria* forecloses Casabon-Ramirez's facial constitutional challenge to § 16(b). *See Gonzalez-Longoria*, 831 F.3d at 672-77. The Government also moves, in the alternative, to stay the appeal until the Supreme Court decides whether § 16(b) is unconstitutionally vague in *Sessions v. Dimaya*, 137 S. Ct. 31 (2016) (granting certiorari). *Gonzalez-Longoria* is binding precedent unless overruled by this court en banc or by the Supreme Court, and a grant of certiorari does not override this court's precedent. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).

Accordingly, the motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternative motions to stay the appeal and for an extension of time to file a brief are DENIED.

---

[1] Although Casabon-Ramirez also argues that his New York conviction does not constitute an "aggravated felony" under § 16(a) because the New York sexual abuse statute sweeps more broadly than the generic definition of crime of violence, we need not reach that issue given the result regarding § 16(b).