# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40227
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

ESTEBAN CASABON-RAMIREZ, also known as Esteban Casabon,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-714-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before REAVLEY and GRAVES, Circuit Judges.[*]

PER CURIAM:[**]

Esteban Casabon-Ramirez was sentenced to 20 months in prison after being convicted of illegally re-entering the United States in violation of 8

---

[*] This matter is being decided by a quorum due to Judge Edward Prado's retirement on April 2, 2018. *See* 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40227

U.S.C. § 1326(a) and (b)(2). On appeal, Casabon-Ramirez argued that the district court plainly erred by convicting and sentencing him under § 1326(b)(2) because his prior New York conviction for sexual abuse did not qualify as a "crime of violence" under 18 U.S.C. § 16(b) or an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). We affirmed. *United States v. Casabon-Ramirez*, 706 F. App'x 214 (5th Cir. 2017) (per curiam).

The Supreme Court granted Casabon-Ramirez's petition for a writ of certiorari, vacated our judgment, and remanded for further consideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (holding that 18 U.S.C. § 16(b)'s residual clause is unconstitutionally vague). In light of *Dimaya*, the parties agree that the district court's judgment should be corrected to reflect that Casabon-Ramirez was convicted and sentenced under 8 U.S.C. § 1326(b)(1) rather than § 1326(b)(2). Although we could remand for the district court to make this correction, we may do so ourselves. *See* 28 U.S.C. § 2106; *see also United States v. Godoy*, 890 F.3d 531, 542 (5th Cir. 2018).

Accordingly, the district court's judgment is hereby MODIFIED to reflect that Casabon-Ramirez was convicted and sentenced under 8 U.S.C. § 1326(a) and (b)(1). As thus modified, the judgment is AFFIRMED.

2