# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40667
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ADALBERTO AGUIRRE-ARELLANO, also known as Adalberto Aguirre,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1407-01

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY and SOUTHWICK, Circuit Judges.*

PER CURIAM:**

Adalberto Aguirre-Arellano was convicted of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). He appealed his conviction and sentence, but, recognizing that his constitutional vagueness

---

* Due to Judge Edward Prado's retirement on April 2, 2018, this matter is being decided by a quorum. *See* 28 U.S.C. § 26(d).

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40667

challenge to 18 U.S.C. § 16(b) was foreclosed by this court's precedent, he sought summary disposition. *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc), *abrogated by Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). We granted his unopposed motion for summary disposition, affirming the district court's judgment. *United States v. Aguirre-Arellano*, 677 F. App'x 158 (5th Cir. 2017). The Supreme Court granted certiorari, vacated the judgment, and remanded the case to us for further consideration in light of *Dimaya*'s holding that Section 16(b) is unconstitutionally vague. *See Dimaya*, 138 S. Ct. at 1210.

The parties have each submitted a supplemental letter brief addressing what action we should take on remand. Although Aguirre-Arellano argues that his conviction under Section 1326(b)(2) should not stand in light of *Dimaya*, the Government contends that his conviction for aggravated assault is a crime of violence under Section 16(a) and thus his conviction under Section 1326(b)(2) was appropriate. In order that the district court can make the initial assessment of this issue, we VACATE the district court's judgment and REMAND.