# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2018

Lyle W. Cayce
Clerk

No. 17-20423

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE VICTOR FIALLOS,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-566-1

Before GRAVES and COSTA, Circuit Judges, and BENNETT, District Judge.\*
PER CURIAM:\*\*

Jose Victor Fiallos pleaded guilty to illegal reentry after having been deported and convicted of aggravated assault in Texas state court. When entering judgment, the court classified the offense as illegal reentry following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Fiallos does not seek to undo his sentence on appeal, but does ask us to alter the judgment because he believes it erroneously lists his conviction as

---

\* District Judge for the Southern District of Texas, sitting by designation.

\*\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20423

illegal reentry following an aggravated felony.  He argues that his prior Texas conviction does not constitute a "crime of violence" as defined in 18 U.S.C. § 16, and thus does not constitute an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F).  We review this claim for plain error because Fiallos did not raise it in the district court.

The judgment the district court entered was consistent with the state of our law at that time.  We had rejected a vagueness challenge to 18 U.S.C. § 16(b).  *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc).  Since that time however, the Supreme Court has taken the opposing view and held that section 16(b) violates the Due Process Clause.  *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).  The error in treating Fiallos's state conviction as an aggravated felony because of this now-invalid "crime of violence" statute is a plain or obvious one because *Dimaya* was decided while this case was pending appellate consideration.  *Henderson v. United States*, 568 U.S. 266, 279 (2013).  Misclassifying Fiallos's prior offense also substantially affected his rights as it is the direct and sole cause of the error in the judgment.  That leaves the final question whether the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings."  *United States v. Olano*, 507 U.S. 725, 736 (1993).  We find that it did because of the significant collateral consequence that can flow from the aggravated felony classification, the constitutional nature of the *Dimaya* error, and the fact that correction of a judgment is even less burdensome on remand than holding a new sentencing hearing.  *Cf. Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1909 (2018) (noting the limited burden of a resentencing compared to retrial as a reason why sentencing errors will satisfy the fourth-prong of plain error review in the "ordinary" case).

No. 17-20423

The case is REMANDED for correction of the judgment consistent with this opinion.