# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41013
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HELBER VALDEZ, also known as Helber Valdez Carrion

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-208-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Helber Valdez was convicted of illegal reentry after deportation. When entering judgment, the court classified the offense as illegal reentry following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The judgment the district court entered was consistent with the state

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41013

of the law at that time. Valdez's Texas conviction for burglary qualified as an aggravated felony because it was a "crime of violence" under 18 U.S.C. § 16(b). And we had rejected vagueness challenge to § 16(b). *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc). Since that time, however, the Supreme Court has taken the opposing view and held that section 16(b) violates the Due Process Clause. *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

After deciding *Dimaya,* the Supreme Court granted Valdez's petition for a writ of certiorari, vacated our judgment, and remanded for further consideration in light of that decision. *Dimaya* means that § 16(b) can no longer serve as a basis for classifying the prior offense as an aggravated felony. And the Texas burglary statute does not qualify as generic burglary, so that cannot serve as a basis for treating the prior offense as an aggravated felony. *See United States v. Herrold*, 883 F.3d 517 (5thCir. 2018) (en banc), *petition for cert. filed* (Apr. 18, 2018) (No. 17-1445). We reject the government's request to hold this decision pending the petition for certiorari filed in *Herrold.  See United States v. Valle-Jaimes*, No. 16-50993, 2018 WL 3634782 (July 30, 2018).

In light of *Dimaya,* we therefore VACATE the district court's judgment and REMAND for entry of judgment under 8 U.S.C. § 1326(b)(1) rather than § 1326(b)(2).