# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40976
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JOSE EMILIO VANEGAS-MARTINEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1542-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Vanegas-Martinez appeals his guilty-plea conviction of, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40976

sentence for, illegal reentry into the United States.  He claims the district court committed reversible plain error by applying 8 U.S.C. § 1326(b)(2), because his California conviction of sexual battery by restraint is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F).  In defining an aggravated felony, Section 1101(a)(43)(F) incorporates the definition of a "crime of violence" under 18 U.S.C. § 16.

Vanegas-Martinez reasons that his California conviction is not an aggravated felony because Section 16(b) is unconstitutionally vague on its face per *Johnson v. United States*, 135 S. Ct. 2551 (2015).  He concedes that his constitutional challenge is foreclosed by *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259), and he requests that we summarily dispose of the appeal so he can seek further review.  The government has filed an unopposed motion for summary affirmance based on Vanegas-Martinez's concession.

The parties are correct that *Gonzalez-Longoria* forecloses Vanegas-Martinez's facial constitutional challenge to Section 16(b).  *See Gonzalez-Longoria*, 831 F.3d at 672–77.  Though Vanegas-Martinez also argues that his California conviction does not meet the definition of a crime of violence under Section 16(a), we need not reach that issue, given the result regarding Section 16(b).

The motion for summary affirmance is GRANTED, and the judgment is AFFIRMED.  The government's alternative motion for an extension of time to file a brief is DENIED.