# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40976

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE EMILIO VANEGAS-MARTINEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1542-1

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before HAYNES, HO, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

On March 7, 2017, we issued an opinion denying Jose Emilio Vanegas-Martinez's challenge to 18 U.S.C. § 16(b). *United States v. Vanegas-Martinez*, 678 F. App'x 260 (5th Cir. 2017). Vanegas-Martinez argued that § 16(b)'s definition of "crime of violence" was unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that his California conviction for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40976

sexual battery by restraint, *see* CAL. PENAL CODE § 243.4(a), was not an "aggravated felony" for purposes of his conviction for illegal reentry under 8 U.S.C. § 1326(b)(2). *See* 8 U.S.C. § 1101(a)(43)(F) (defining "aggravated felony" as including "a crime of violence" as defined in 18 U.S.C. § 16). We granted the Government's motion for summary affirmance, as Vanegas-Martinez's argument was foreclosed by our circuit precedent at the time. *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 673 (5th Cir. 2016), *cert. granted*, *judgment vacated*, 138 S. Ct. 2668 (2018); *see also United States v. Gonzalez-Longoria*, 894 F.3d 1274 (5th Cir. 2018) (en banc) (dismissing appeal in part and remanding for correction of judgment). Vanegas-Martinez petitioned the U.S. Supreme Court for certiorari.  After deciding in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), that § 16(b)'s definition of "crime of violence" was unconstitutionally vague, the Supreme Court remanded for further consideration of Vanegas-Martinez's case in light of *Dimaya*. We requested supplemental briefing from the parties.

Both Vanegas-Martinez and the Government agree that his conviction under 8 U.S.C. § 1326(b)(2) cannot be sustained in light of *Dimaya*. Both parties also agree that Vanegas-Martinez's conviction is proper under 8 U.S.C. § 1326(b)(1)—which requires only prior conviction of a "felony"—and so ask us to remand to the district court in order to correct the judgment to that effect. We agree that remand is appropriate to clarify that Vanegas-Martinez was properly convicted under 8 U.S.C. § 1326(b)(1), not (b)(2). *See, e.g., United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017).

Accordingly, we REMAND to the district court for entry of a revised judgment consistent herewith.