# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-41123
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGEL DE JESUS SANABIA-SANCHEZ, also known as Angel Sarabia-Sanchez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-290-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Following his guilty plea conviction for illegal reentry, Angel De Jesus Sanabia-Sanchez was sentenced to 33 months of imprisonment, which sentence included an eight-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(C), based on his prior Texas conviction for burglary of a motor vehicle. For the first time on appeal, Sanabia-Sanchez argues that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41123

court committed reversible plain error when it concluded that his prior burglary of a motor vehicle conviction qualified as a "crime of violence" under 18 U.S.C. § 16(b) and thus constituted an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F), triggering the then-applicable § 2L1.2(b)(1)(C) enhancement and the increased statutory maximum under 18 U.S.C. § 1326(b)(2).  Relying primarily on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Sanabia-Sanchez argues that the definition of a crime of violence in § 16(b), as incorporated by reference into the definition of an aggravated felony in § 1101(a)(43)(F), is unconstitutionally vague on its face.  He further contends that this court cannot apply § 16(b) in this case without violating due process.

The Government has filed an unopposed motion for summary affirmance, urging that Sanabia-Sanchez's arguments are foreclosed by our recent decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259).  The Government is correct that *Gonzalez-Longoria* forecloses both Sanabia-Sanchez's facial vagueness challenge to § 16(b) and his challenge to our application of § 16(b) on due process grounds.[1]  *See id.*  Accordingly, the motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED.  The Government's alternate motion for an extension of time to file a brief is DENIED.

---

[1] The recent grant of certiorari by the United States Supreme Court on the issue whether § 16(b) is unconstitutional in light of *Johnson* in *Lynch v. Dimaya*, 2016 WL 3232911 (Sept. 29, 2016) (No. 15-1498), does not alter the analysis.  This court is bound by its own precedent unless and until that precedent is altered by a decision of the Supreme Court.  *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).