# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 14-41123
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGEL DE JESUS SANABIA-SANCHEZ, also known as Angel Sarabia-Sanchez,

Defendant-Appellant

———————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-290-1

———————————

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, WIENER, and CLEMENT, Circuit Judges:

PER CURIAM:*

Angel De Jesus Sanabia-Sanchez, whose correct surname is Sarabia-Sanchez, pleaded guilty to illegally reentering the United States after being deported.  His 33-month sentence was based in part on a prior Texas conviction of burglary of a motor vehicle, which was deemed an "aggravated felony"

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41123

conviction under U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C. § 1326(b)(2).    On appeal, we affirmed, rejecting Sarabia-Sanchez's argument that 18 U.S.C. § 16(b) is unconstitutional and that his prior conviction was not a conviction for a "crime of violence" under § 16(b) and thus not an "aggravated felony" under § 1326(b)(2).  *United States v. Sanabia-Sanchez*, 671 F. App'x 255, 255 (5th Cir. 2016), *cert. granted, judgment vacated sub nom. Bello v. United States*, 138 S. Ct. 1976 (2018).    At the time, Sarabia-Sanchez's arguments were foreclosed by *United States v. Gonzalez Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *cert. granted, judgment vacated*, 138 S. Ct. 2668 (2018).

Shortly afterward, however, the Supreme Court abrogated *Gonzalez-Longoria* by holding that § 16(b) is unconstitutional.  *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1214-15 (2018).    The Court then granted certiorari in the instant case and remanded for additional consideration in light of *Dimaya.  See Bello*, 138 S. Ct. at 1976.

The parties agree that *Dimaya* has no effect on Sarabia-Sanchez's guideline sentence because § 16(b) cannot be void for vagueness when it is incorporated by reference into the Guidelines.  *See United States v. Godoy*, 890 F.3d 531, 537-38 (5th Cir. 2018).    The parties also agree that § 16(b) can no longer be used to define Sarabia-Sanchez's prior conviction as an aggravated felony for the purpose of applying § 1326(b)(2).  *See Godoy*, 890 F.3d at 541-42. Accordingly, the parties also agree that the judgment must be modified to state that Sarabia-Sanchez was convicted under § 1326(b)(1) rather than § 1326(b)(2).

We therefore REMAND to the district court to correct the judgment to show that Sarabia-Sanchez was convicted under § 1326(b)(1).  *See United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017).  The judgment is otherwise AFFIRMED.